UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RYAN TERRELL PATTERSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  No. 4:24-CV-01739 HEA |
| JASON LEWIS, et al., | ) ) ) |
| Defendants. | ) ) |

**OPINION, MEMORANDUM AND ORDER**

Self-represented plaintiff Ryan Patterson, an inmate currently incarcerated at Eastern Reception Diagnostic Center (ERDCC) in Bonne Terre, Missouri, filed this civil rights action on December 30, 2024; however, plaintiff neither paid the Court filing fee nor filed a proper motion to proceed without prepayment of fees or costs.[1] Plaintiff must do one or the other for this case to proceed. *See* E.D. Mo. L.R. 2.01(B)(1). If plaintiff files a motion seeking leave to commence this action without prepaying fees or costs, he must also file a certified copy of his prison account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2). Plaintiff's failure to timely pay the filing fee or file a motion seeking leave to commence this action without payment of fees or costs may result in the dismissal of this case, without prejudice and without further notice.

In the present action plaintiff asserts several claims for relief against seventeen (17) defendants. Plaintiff asserts numerous conclusory claims for relief against these defendants

---

[1]Plaintiff's motion to proceed in forma pauperis is handwritten and does not contain all information the Court needs to properly assess his request. Plaintiff will be provided with a Court-form for filing a motion to proceed in forma pauperis, which he will need to return to the Court within twenty-one (21) days of this Court's Order. If plaintiff wishes to proceed in forma pauperis he must also submit a copy of his prison account statement.

including the following: (1) unlawful conditions of confinement; (2) denial of access to the courts in violation of the First Amendment; (3) denial of access to the grievance process; (4) medical neglect and/or deliberate indifference to his serious medical needs (unspecified) in violation of the Eighth Amendment; (5) race discrimination in various situations at ERDCC; (6) unlawful opening of "privileged" mail;[2] (7) denial of his due process rights in violation of the Fourteenth Amendment due to defendants' failure to process his "green check"; (8) unnamed retaliatory discipline; (9) unnamed harassment; and (10) denial of basic necessities.

Although plaintiff may join in one action as many claims as he has against a *single* defendant, *see* Fed. R. Civ. P. 18(a) (emphasis added), when *multiple defendants* are named, the Court must consider whether the defendants are properly joined under Rule 20(a)(2) of the Federal Rules of Civil Procedure. *See Intercon Research Assocs., Ltd. v. Dresser Indus., Inc.,* 696 F.2d 53, 57 (7th Cir. 1982).

Under Rule 20(a)(2), a plaintiff may join multiple defendants in one action only if his claims against them arise out of the same transaction or occurrence or if a series of transactions or occurrences present common questions of law or fact. Unrelated claims against different defendants must be brought in different suits.[3] Plaintiff should therefore decide what claims to pursue in this lawsuit and what claims he wishes to pursue in any separate lawsuit(s) in the future. He may seek additional complaint forms from this Court by contacting the Court Clerk.

---

[2]Mail to and from the Court is not "legal" mail. *See Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996). This is because, "with minute and irrelevant exceptions all correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files." *Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987).

[3]It is clear that plaintiff's claims in the present lawsuit are improperly joined as they contain unrelated claims against different defendants.

Furthermore, plaintiff admits in his complaint that he has failed to exhaust his administrative remedies at ERDCC prior to filing his lawsuit. Under the Prison Litigation Reform Act a prisoner must exhaust his administrative remedies prior to filing a lawsuit in federal court. Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under [§ 1983] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." When multiple prison condition claims have been joined, as in this case, the plain language of § 1997e(a) requires that all available prison grievance remedies must be exhausted as to all of the claims. *See Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).

Due to the aforementioned reasons, plaintiff will be required to file a new motion to proceed in forma pauperis, supported by his prison account statement, as well as an amended complaint on a Court-provided form. All of plaintiff's claims for relief *must* be exhausted prior to filing his lawsuit unless administrative remedies are unavailable to him. Remedies are not unavailable to him simply because he is suing individuals who are involved in reviewing grievances at ERDCC.

Plaintiff is warned that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings, so plaintiff must include each and every one of the claims he wishes to pursue in the amended complaint. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id*. The allegations in the complaint may not be conclusory. Instead, plaintiff must plead facts that show how each and every defendant he names is personally involved in or directly responsible for the alleged harm. If plaintiff wishes to sue a

3

defendant in his or her individual capacity, plaintiff must specifically say so in the amended complaint. If plaintiff fails to sue a defendant in his or her individual capacity, this action may be subject to dismissal as to that defendant.

All of plaintiff's claims should be clearly set forth in the "Statement of Claim." If plaintiff fails to file an amended complaint on the Court's form within twenty-one (21) days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

### Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel. [ECF No. 2]. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be

complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 3] is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED at this time.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two copies of the Court's Prisoner Civil Rights Complaint form and two copies of the Motion to Proceed in Forma Pauperis – Prisoner Cases form.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall file an amended complaint on the Court's Prisoner Civil Rights Complaint form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall either pay the $405 filing fee or submit a motion to proceed in forma pauperis on the Prisoner Cases Court-provided form. If plaintiff files a motion to proceed in forma pauperis, he shall also submit a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the complaint.

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 6th day of January, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE